# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6371 | DATE | 3/25/2003 |
| CASE TITLE | CARMELLA ZAGONE vs. AARON BOSQUES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 4/15/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Bosques's motion to withdraw from the court rile privileged documents and for a court order barring plaintiff from using documents throughout litigation is denied. Defendant Bosques answer to complaint to be filed by 4/8/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 26 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 MAR 25 PM 5:09 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CARMELLA ZAGONE, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| | ) No. 02 C 6371 |
| v. | ) |
| | ) Judge John W. Darrah |
| AARON BOSQUES and ELEUTERIO MEDINA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

DOCKETED
MAR 2 6 2003

Defendant, Aaron Bosques ("Bosques"), moves to withdraw a privileged document that was inadvertently filed with another pleading. Plaintiff, Carmella Zagone ("Zagone"), argues that any privilege has been waived.

In December 2002, Bosques filed a Motion to Quash Service and a Motion to Dismiss. The Motion to Quash referenced Exhibit A, which contained a copy of the Complaint and a copy of substitute service on Bosques. Exhibit A also included a letter of an independent claims adjuster that was sent to American Service Insurance Company ("ASI"), which was later prepared by ASI in anticipation of litigation (the "ASI Letter"). Subsequently, defense counsel learned that the ASI Letter was inadvertently attached to the Motion to Quash Service. Bosques now seeks to have the ASI Letter removed from the court file and to prevent Plaintiff from using the ASI Letter throughout the litigation.

Statements made by an insured to his insurer are privileged. *See Exline v. Exline*, 277 Ill. App. 3d 10, 13 (1995). Here, the document in question consists of the insured's giving a statement to his insurance company. Accordingly, the document is privileged.

However, Plaintiff argues that the privilege was waived when the document was attached

14

to the Motion to Quash Service.

The party seeking to assert the privilege bears the burden of showing that the privilege was not waived. *See Evans*, 113 F.3d at 1461; *Consolidated Litig. Concerning Harvesters Disposition of Wis. Steel*, 666 F.Supp. 1148, 1157 (N.D. Ill. 1987). Inadvertent disclosure can, but not necessarily always does, result in the same result as intentional waiver. *See Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1127 (7th Cir. 1997) (*Dellwood*). When waiver is found based on the inadvertent disclosure of material, it is intended to punish the person claiming the privilege for a mistake. *Dellwood*, 128 F.3d at 1127. However, committing a mistake "is not by itself a compelling reason for stripping a person of his privilege". The severity of the punishment for a mistake should be proportionate to the gravity of the mistake. *Dellwood*, 128 F.3d at 1127.

This standard set forth in *Dellwood* governs waiver of a privileged document due to inadvertence. *International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-ven Co.*, 170 F.3d 779, 784 (7th Cir. 1999). Generally, this standard is applied using a balancing test. *See Snap-On Inc., v. Hunter Eng. Co.*, 29 F. Supp. 2d 965, 972 (E.D. Wis. 1998) (*Snap-On*); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 WL 1571447 (N.D. Ill. Dec. 7, 2001) (*R.J. Reynolds*); *Sanner v. Board of Trade of the City of Chicago*, 181 F.R.D. 374, 379 (N.D. Ill. 1998); *International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-ven Co.*, 1998 WL 100264 (N.D. Ill. Feb. 23, 1998) (collectively finding that the balancing test comports with standard set forth in *Dellwood*); *see also Urban Outfitters, Inc. v. DPIC Co.*, 203 F.R.D. 376, 380 (N.D. Ill. 2001) (*Urban Outfitters*); *Tokar v. City of Chicago*, 1999 WL 138814 (N.D. Ill. March 5, 1999) (*Tokar*) (applying balancing test without citation to *Dellwood*).

Under the balancing test, a court weighs: (1) the reasonableness of the precautions taken to prevent the disclosure, (2) the time taken to rectify the error, (3) the scope of the documents involved, (4) the extent of the disclosure, and (5) the overriding issue of fairness. *See Urban Outfitters*, 203 F.R.D. 380.

In the instant case, the ASI Letter was inadvertently attached to a motion. No other facts are presented to aid in weighing the reasonableness of the precautions taken to prevent the disclosure. The document is not marked as confidential. However, the same day that it was discovered that the ASI Letter was attached to the motion, counsel filed the instant action. Accordingly, the time taken to rectify the error weighs in favor of Bosques.

In the present case, the scope of documents that contained the ASI Letter was small. Accordingly, this factor weighs in favor of Plaintiff. *See Urban Outfitters*, 203 F.R.D. at 380 (waiver found when document included in a total of forty documents); *Tokar*, 1999 WL 138814 at * 2 (waiver found in document production of approximately 2,000 pages); *cf. R.J. Reynolds*, 2001 WL 1571447 at * 3 (waiver not found in document production of 750,000 pages).

The extent of the disclosure in the present case was complete, as the entire ASI Letter was attached to the motion. *See Draus v. Healthtrust, Inc.*, 172 F.R.D. 384, 389 (S.D. Ind. 1997) (extent of disclosure complete when opposing party had opportunity to read the document prior to the request to return the letter); *Central Die Casting & Manuf., Co. v. Tokheim Corp.*, 1994 WL 444796 (N.D. Ill. Aug. 16, 1994) (same).

Although it can be argued that it is unfair to waive the privilege because of a mistake, the fairness issue still weighs in favor of Plaintiff. The ASI Letter was attached to a two-page motion that was to only contain 1, five-page exhibit. Bosques had the opportunity to review the

filing and identify the inadvertent disclosure. At the time the inadvertent disclosure was discovered, the document had already been fully disclosed. "The disclosure of the [ASI Letter] is a bell that has already been rung. The court cannot unring it by ordering that copies be returned to [Bosques]." *Draus*, 172 F.R.D. at 389; *see also Central Die*, 1994 WL 444796 at * 5 (finding fairness weighed in favor of opposing party after document had been fully disclosed and relied upon by opposing party).

In sum, the above factors weigh in favor of finding waiver as to the inadvertent disclosure of the ASI Letter. Accordingly, Bosques has waived the privilege as to the ASI Letter.

For the reasons stated above, Bosques's Motion to Withdraw From the Court File Privileged Documents and For a Court Order Barring Plaintiff From Using Documents Throughout Litigation is denied.

Dated: March 25, 2003

JOHN W. DARRAH
United States District Judge

4