# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6371 | **DATE** | 1/15/2004 |
| **CASE TITLE** | Carmella Zagone vs. Aaron Bosques, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant Bosques's motion to dismiss pursuant to settlement [19-1] is granted. Plaintiff's suit is dismissed in its entirety pursuant to the oral settlement agreement. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MF | courtroom deputy's initials | 04 JAN 16 AM 2: 32 Date/time received in central Clerk's Office | mailing deputy initials | |

CARMELLA ZAGONE, )
)
    Plaintiff, )
) No. 02 C 6371
    v. )
) Judge John W. Darrah
AARON BOSQUES and ELEUTERIO MEDINA, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendant, Aaron Bosques, moves to dismiss the action pursuant to a settlement. Plaintiff, Carmella Zagone, opposes Defendant's motion.

The instant suit arose out of an automobile accident that occurred on February 25, 2002. Bosques, while operating a vehicle belonging to Defendant Eleuterio Medina, struck Plaintiff and caused her to sustain personal injuries. At the time of the accident, Medina was insured by American Heartland Insurance ("Heartland") with policy limits of $20,000 per person and $40,000 per occurrence. Bosques was insured by American Service Insurance Company ("Service") with policy limits of $20,000 per person and $40,000 per occurrence. Plaintiff was insured through Economy Premier Assurance Company with underinsured coverage of $100,000 per incident.

On April 16, 2003, Heartland offered Plaintiff its policy limit of $20,000. At this time, Leslie Milbury, Plaintiff's attorney, made an underinsured motorist claim for $80,000 with Economy. She informed Economy of the $20,000 offer. Economy's claim adjuster, in Minnesota, informed Milbury that she could settle with Heartland and Bosques for $20,000.

On June 26, 2003, Milbury and Bosques's counsel spoke regarding settling the instant

suit. Milbury stated that Plaintiff had settled with her insurance company for $80,000 and had executed a simple, general release, which she read to Bosques's counsel. The general release did not reserve any rights in the settlement agreement, nor did it require the Plaintiff to perform any further contractual obligations. Milbury also stated that Plaintiff was accepting the $20,000 offered by Heartland to settle all claims against both Defendants, Bosques and Medina. On June 30, 2003, Milbury informed Bosques's counsel that she had authority from Plaintiff to accept $20,000 from Heartland as full settlement of all of Plaintiff's claims in exchange for a dismissal of her lawsuit and an executed release. A general release was drafted and forwarded to Milbury for Plaintiff's signature.

On July 8, 2003, Bosques's counsel telephoned Milbury and was informed that Plaintiff's insurance company offered Plaintiff $20,000 for an assignment of her claim against Bosques. On July 17, 2003, Plaintiff signed a release and trust agreement with Plaintiff's insurer, Economy, for $99,000; included in this amount was the $20,000 offered by Heartland.

Bosques seeks to have the lawsuit dismissed pursuant to the settlement agreement. Plaintiff does not deny that an oral settlement was reached with Heartland. Plaintiff's insurance carrier, Economy, argues that its adjuster was incorrect and mistakenly informed Milbury that Milbury could settle and that enforcement of the settlement could prejudice its right of subrogation.

Settlement between parties of disputed claims is encouraged and favored by the courts and are given full force and effect. *See Knoll v. Swanson*, 92 Ill. App. 2d 398, 402 (1968). Oral settlements are enforceable if there is an offer, acceptance, and a meeting of the minds regarding the terms. *See Johnson v. Hermanson*, 221 Ill. App. 3d 582, 584 (1991). The offer and

acceptance must be so definite with respect to its material terms that the promises and performances to be rendered by each party are reasonably certain. *See Pritchett v. Asbestos Claims Mgmt. Corp.*, 332 Ill. App. 3d 890, 896 (2002). A meeting of the minds between the parties is present where there has been assent to the same things in the same sense on all of the essential terms and conditions. *See LaSalle National Bank v. International Ltd.*, 129 Ill. App. 2d 381, 394 (1970).

Here, the undisputed facts show that all of the elements for a valid oral contract exist. Plaintiff was to receive a single sum of money from Heartland in exchange for a release of all claims as to Bosques and Medina. The issue that Plaintiff claims defeats this settlement agreement arose after the oral settlement had already been reached. The issue, the general release effected between Plaintiff and Economy, Plaintiff's insurer, and the validity of Plaintiff's assignment of right to Economy do not effect the validity of the oral settlement agreement in effect between Heartland and the Plaintiff.

Plaintiff cites to *Vece v. DeBiase*, 46 Ill. App. 2d 248 (1972), as support for her argument that the settlement agreement was not finalized. The settlement agreement in *Vece* involved a material mistake of fact not known when the negotiations took place and was dependent on the approval of the probate court. The approval of the probate court had not been secured. Accordingly, all conditions precedent to the finality of the settlement agreement had not been secured. *See Vece*, 46 Ill. App. 2d at 252. However, if all of the conditions to a settlement agreement have been met and no further action is required to enforce such agreement, the settlement agreement is final for enforcement purposes. *See Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.*, 42 Ill. App. 3d 865, 841 (1976) (*Sheffield*) (distinguishing *Vece*, finding

settlement agreement enforceable because settlement agreement had been "finalized" because no other action was required for the settlement agreement to be enforceable); *see also Thornberry v. Board of Educ. of the City of Chicago*, 8 Ill. App. 3d 351, 354 (1972) (*Thornberry*) (settlement enforceable if offer and acceptance and the agreement was concluded by disposition of the cause through entry of judgment or the execution "or willingness to execute releases."

Here, unlike *Vece*, and as in *Sheffield*, the parties, through their attorneys, conducted negotiations resulting in an offer and acceptance of a settlement agreement and Plaintiff's willingness to execute a release – no other actions were required for the settlement agreement to be enforceable. Accordingly, the settlement agreement is final for purposes of enforcement. *See Scheffield*, 42 Ill. App. 3d at 841; *Thornberry*, 8 Ill. App. 3d at 354.

Plaintiff also argues that the settlement agreement should not be enforced because a mistake of fact was made by her attorney and/or Economy. However, any such mistake would be a unilateral mistake; and a unilateral mistake does not render a settlement agreement unenforceable. *See Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657, 669 (2001); *Cole Taylor Bank v. Cole Taylor Bank*, 224 Ill. App. 3d 696, 708 (1992).

For the reasons stated above, Bosques's Motion to Dismiss Pursuant to Settlement is granted. Plaintiff's suit is dismissed in its entirety pursuant to the oral settlement agreement.

Dated: 1-15-04

JOHN W. DARRAH
United States District Judge